# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| JOHN EDWARDS FEATHERLING, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>HOVENSA L.L.C., ANTHONY CRANE )<br>RENTAL INC., ANTHONY )<br>INTERNATIONAL EQUIPMENT )<br>SERVICES CORPORATION, and )<br>TURNER ST. CROIX MAINTENANCE, )<br>INC., )<br>)<br>Defendants. )<br>_____ ) | CIVIL NO. 2006/0086 |

## MEMORANDUM OPINION

Finch, Senior Judge.

THIS MATTER comes before the Court on the Motions to Compel Arbitration filed by Defendants Turner St. Croix Maintenance, Inc. [hereinafter "Turner"] and HOVENSA, L.L.C. Plaintiff John Featherling opposes such motion on various grounds, including that requiring employees to arbitrate personal injury claims against intended beneficiaries is unconscionable. Since the filing of Featherling's opposition this issue and each of the other defenses to arbitration that Featherling raises have been resolved unfavorably to the positions that Featherling advocates by the Third Circuit Court of Appeals in Edwards v. HOVENSA, LLC, 497 F.3d 355, 362 & n.4 (3d Cir. 2007).[1]

---

[1] In Edwards, the Third Circuit summarily remarked:

> The District Court held that the agreement to arbitrate personal injury claims is not void ab initio, that to the extent that Edwards has a statutory right to a judicial forum for his personal injury claims against HOVENSA, the FAA preempts it, that the agreement is not unenforceable for failure to comply with 24 V.I.C. § 74a, and that HOVENSA is an intended third-party beneficiary of the DRA. We agree,

Featherling also contends that he was not bound by any arbitration agreement at the time that the personal injury and alleged wrongful termination giving rise to this lawsuit occurred. Turner and HOVENSA respond that the terms of an Hourly Employment Agreement that Featherling entered into with Turner during a period of employment which ended before the period of employment during which his claims arose, nonethless, require him to arbitrate this dispute.

**I.     Background**

On November 13, 2002, Featherling signed an Hourly Employment Agreement with Turner which includes arbitration provisions. The Hourly Employment Agreement specifically names HOVENSA as a third party beneficiary. The types of claims covered by the Hourly Employment Agreement encompass the claims pending in this matter.

The Hourly Employment Agreement states: "Employee and Employer specifically agree that section 17 through 21 of this Agreement [the arbitration provisions] shall remain in full force and effect notwithstanding the termination of this Agreement or Employee's employment for any reason whatsoever."

Turner laid off Featherling in January 2003. In April 2003, Turner rehired Featherling under a Temporary Hourly Employee Agreement. Under the Temporary Hourly Employee Agreement, Featherling only agreed to arbitrate disputes with Turner. The Temporary Hourly Employee Agreement was limited to a term not to extend beyond 90 days.

---

and therefore do not devote any discussion to these issues. Edwards, 497 F.3d at 362 n.4.

After the expiration of the Temporary Hourly Employee Agreement, Featherling continued to work for Turner, albeit at a lower rate of pay than that specified in the Temporary Hourly Employee Agreement.

Featherling was allegedly injured at the HOVENSA refinery on July 12, 2004 while working for Tuner.  Turner terminated him less than two weeks later.

## II.     Discussion

Featherling and Turner specifically agreed in the Hourly Employee Agreement that the arbitration provisions would remain in full force and effect, notwithstanding the termination of the Hourly Employee Agreement.  Although the terms of the Hourly Employee Agreement may have been temporarily superseded by the terms of the Temporary Hourly Employee Agreement, Featherling concedes that the Temporary Hourly Employee Agreement was no longer in effect at the time that his claims arose.

The Hourly Employee Agreement was never revoked, but at most, temporarily supplanted.  Therefore, when the Temporary Hourly Employee Agreement ended, the relationships among Turner, HOVENSA, and Featherling reverted to the continuing terms of the Hourly Employee Agreement.  Thus, the arbitration provisions of the Hourly Employee Agreement were operative when Featherling's claims arose.

## III.    Conclusion

For the foregoing reasons, the Court grants Defendants Turner's and HOVENSA's Motions to Compel Arbitration are **GRANTED** and this matter is **STAYED** with respect to Featherling's claims against  Defendants Turner and HOVENSA.  However, the Court will

consider a motion for stay filed by any party concerning Featherling's claims against Anthony Crane International Inc. and Anthony International Equipment Services Corporation, see <u>Mendez v. Puerto Rican Intern. Companies, Inc.</u>, 553 F.3d 709 (3d Cir. 2009).

ENTER:

DATE:	February 26, 2009	_____/s/_____
RAYMOND L. FINCH
SENIOR DISTRICT JUDGE