# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| JOHN EDWARDS FEATHERLING, )<br>)<br>          Plaintiff, )<br>v. )<br>        )<br>HOVENSA L.L.C., ANTHONY CRANE )<br>RENTAL INC., ANTHONY )<br>INTERNATIONAL EQUIPMENT )<br>SERVICES CORPORATION, and )<br>TURNER ST. CROIX MAINTENANCE, )<br>INC., )<br>        )<br>          Defendants. )<br>_____) | CIVIL NO. 2006/0086 |

## MEMORANDUM OPINION

Finch, Senior Judge

    THIS MATTER comes before the Court on the Renewed Notice of Joinder in HOVENSA Motion to Stay and to Compel Arbitration filed by Defendant Anthony International Equipment Services Corporation [hereinafter "Anthony International"]. Anthony International contends that the Court should compel Plaintiff John Featherling to arbitrate its dispute with Anthony International under a third-party beneficiary theory. Alternatively, Anthony International asks the Court to stay the litigation between Featherling and Anthony International until arbitration has been completed between Featherling and Anthony International's Co-Defendants. Featherling responds that Anthony International is not an intended third-party beneficiary of his various employment agreements with Turner St. Croix Maintenance, Inc. [hereinafter "Turner"] and that the Court should allow his action against Anthony International to proceed in parallel with the arbitration.

**I.     Background**

Featherling alleges that he was injured on July 12, 2004, while he was lowering a pump into a sulfur pit at HOVENSA's sulfur plant. Featherling maintains that he was hurt as a result of Anthony International's negligent operation of the crane lowering the pump as well as HOVENSA's failure to provide a proper platform upon which Featherling could work, failure to warn Featherling of the dangerous condition of the work surface, and negligent direction and supervision of the crane operator. Featherling sues Turner for wrongful termination and negligent and intentional infliction of emotional distress.

None of the employment agreements that Featherling entered into with Turner name Anthony International, directly or indirectly, as an intended beneficiary.

**II.    Analysis**

   A.    <u>Whether Featherling's Dispute with Anthony International is subject to Arbitration.</u>

Anthony International is not named as a third-party beneficiary. The evidence does not show that Anthony International was anything more than an incidental third party beneficiary. As the Third Circuit held in <u>E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.</u>, 269 F.3d 187, 196 (3d Cir. 2001), "if it was not the promisee's intention to confer direct benefits upon a third party, but rather such third party happens to benefit from the performance of the promise either coincidentally or indirectly, then the third party will have no enforceable rights under the contract." Because Anthony International has no enforceable rights under Featherling's employment agreements with Turner which incorporate arbitration provisions, the Court denies Anthony International motion to compel arbitration.

B.  Whether Featherling's Dispute with Anthony International should be Stayed.

"[I]f a suit against a nonsignatory is based upon the same operative facts and is inherently inseparable from the claims against a signatory, the trial court has discretion to grant a stay if the suit would undermine the arbitration proceedings and thwart the federal policy in favor of arbitration." Hill v. G E Power Systems, Inc., 282 F.3d 343, 347 (5th Cir. 2002). Featherling's suit against Anthony International is distinct from his suit against Turner in that his suit against Anthony International relates to the incident that allegedly occurred on July 12, 2004, causing him personal injury, whereas his action against Turner relates to his termination.

Featherling's tort claims against HOVENSA are, however, related to the alleged July 12, 2004 incident. Thus, there are certain common operative facts. Featherling's claims that Anthony International negligently operated the claim and that HOVENSA failed to provide him a proper work area and negligently directed Anthony International in its operation of the crane are inherently inseparable. If a fact-finder were to conclude that Anthony International was not negligent, Featherling's claim that HOVENSA negligently directed Anthony International would be undermined. Similarly, if the fact-finder were to find that Anthony International was negligent, and Anthony International was negligent in part because it followed HOVENSA's direction, the arbitration outcome would be influenced by the determination in the judicial forum. Whether HOVENSA failed to provide him a proper work area is distinct from the question of whether Anthony International negligently operated the crane.

Because the operative facts are largely the same and certain central claims are inherent inseparable, notwithstanding some claims being distinct, the Court, in an exercise of it discretion, will stay Featherling's suit against Anthony International.

### III. Conclusion

Because Anthony International was not an intended third-party beneficiary of any employment agreement that Featherling entered into with Turner, the Court has no contractual basis upon which to compel Featherling to arbitrate his dispute with Anthony International. However, the Court, in an exercise of its discretion, stays Featherling's action against Anthony International until the HOVENSA-Featherling arbitration is completed.

ENTER:

DATE: December 10, 2009

_____/s/_____
RAYMOND L. FINCH
SENIOR DISTRICT JUDGE